# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO. _____

YANICHEL CASTILLO,

      Plaintiff,

v.

AE OUTFITTER RETAIL CO d/b/a AMERICAN EAGLE OUTFITTERS, a Delaware corporation, and CRAIG MELLO, an individual,

      Defendants.

_____/

FILED by _TC_ D.C.

MAR 0 6 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff, YANICHEL CASTILLO ("Plaintiff"), *pro-se*, an employee of Defendants, AE OUTFITTERS RETAIL CO d/b/a AMERICAN EAGLE OUTFITTERS ("Defendant Company") and CRAIG MELLO ("Defendant Mello") (collectively, "Defendants"), brings this action for overtime compensation, retaliatory discrimination and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), as well as for violations of Florida's Private Whistleblower Act, Fla. Stat. § 448.102 (3) ("Florida's Whistleblower Act").

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is an individual and citizen of Florida, who at all material times hereto has resided in Miami-Dade County, Florida. Plaintiff is over the age of 18 and otherwise *sui juris.*

2.     Defendant Company is a Delaware corporation conducting business in Miami-Dade County, Florida.

3.     At all times material to this Complaint, Defendant Company had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

4.     Based upon information and belief, the annual gross sales volume of Defendant Company was in excess of $500,000.00 per annum at all times material hereto.

5.     At all times pertinent to this Complaint, Defendant Company was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

6.     Defendant Mello is an individual and citizen of Florida, who at all material times hereto has resided in Orlando, Florida.

7.     At all times material hereto, Defendant Mello managed and/or operated Defendant Company and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rates of pay for employees and/or controlled the finances and operations of Defendant Company.  By virtue of such control and authority, Defendant Mello is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 203(d).

8.     This action is brought to recover from Defendants unpaid overtime compensation, lost wages, emotional distress damages, liquidated damages, and costs, interest, and reasonable attorneys' fees under the provisions of the FLSA and Florida's Whistleblower Act.

9.     Jurisdiction is conferred on the Court by 28 U.S.C. § 1337, 29 U.S.C. § 216(b), and 29 U.S.C. § 215(a)(3), and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

10.     Venue is appropriate in the U.S. District Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted and/or continue to conduct business in the Southern District of Florida and/or because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction within the district.

## GENERAL ALLEGATIONS

11.     Plaintiff re-alleges, as if fully set forth herein, the allegations of paragraphs 1 through 10 above.

12.     Between approximately June 2016 through February 22, 2017, Plaintiff worked for Defendants as a titled "Store Manager" and was paid a weekly salary for his labor. Plaintiff was misclassified as exempt from the requirements of the FLSA by Defendants between June 2016 and October 31, 2016.

13.     Plaintiff worked in excess of forty (40) hours during one or more workweeks during his employment with Defendants. For instance:

(a)     During the pay period beginning on July 17, 2016 and ending on September 17, 2016, Plaintiff worked twenty-five (25) hours of overtime weekly for which he received no overtime pay.

(b)     During the pay period beginning on October 24, 2016 and ending on January 14, 2017, Plaintiff worked over thirty-five (35) hours of overtime weekly for which he received no overtime pay.

14.     Indeed, Plaintiff worked at least one or more overtime hours every, if not most, work weeks during his employment with Defendants.

15.     In addition to working at least one or more overtime hour every, if not most, work weeks during employment with Defendants, Plaintiff was and has been required to work through lunch on average of three (3) times per week.

16.     Plaintiff was also required by Defendants to work from home, or other remote locations on Plaintiff's days off, and/ or after hours.

17.     The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to him, are in the possession and custody and control of Defendants. Because of that, Plaintiff is unable to state at this time the exact amount owed to him for each work week.

18.     Despite working in excess of forty (40) hours during one or more work weeks during his employment with Defendants, Defendants failed to comply with the FLSA in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked in which overtime was required to be paid.

19.     In or about mid or late-November 2016, Plaintiff spoke with Defendant Mello on one occasion regarding his concerns that the titled "Store Manager" position was misclassified as exempt from the overtime requirements of the FLSA between the dates of July 2016 and October 2016. During those communications, Defendant Mello agreed with Plaintiff that the titled "Store

Manager" position was misclassified as exempt and informed Plaintiff that he will communicate the concerns to Defendant's Company Regional Director, Michael Crumb ("Mr. Crumb").

20.     Plaintiff was informed by Defendants of a scheduled store visit by Defendant Mello, Mr. Crumb and Corrine Suarez, Defendant's Company Zone Vice-President ("Mrs. Suarez") on December 13, 2016.

21.     During the store visit on December 13, 2016 Mr. Crumb approached Defendant's Company associate manager, Liz Chavarri ("Ms. Chavarri"), and questioned her on her personal knowledge of Plaintiff's background. Mr. Crumb asked Ms. Chavarri if Plaintiff was "trustworthy", "reliable" and a person that Defendant's company wanted to "keep around". This was the first retaliatory actions on behalf of Defendant's against Plaintiff in response to the disclosure of FLSA violation.

22.     In or about mid or late-December 2016, Plaintiff spoke with Defendant Mello again and reasserted his concern that the titled position "Store Manager" was misclassified from overtime. Plaintiff disclosed to Defendant Mello that he cannot continue to work twenty to thirty (20-30) hours of unpaid overtime weekly. Plaintiff also objected to continued being paid via paid time off ("PTO") instead of time punches. Defendant Mello, visibly upset, responded with "this is how it is; everyone does it."

23.     On January 13, 2017 Plaintiff escalated his concerns to Defendant Company's Human Resources Agents, Jennifer Miele and Nicole Moose ("Ms. Miele", "Ms. Moose").

24.     Two weeks later, Ms. Miele and Ms. Moose traveled to Miami to meet with Plaintiff and discuss his concerns.

25.     During the meeting, Ms. Miele questioned Plaintiff regarding the titled "Store Manager" position and asked him why he believed the position was misclassified.

26.     Throughout the progression of the meeting Ms. Miele emphasized only on Plaintiff's knowledge of policy and procedure, Plaintiff's employment background, Plaintiff's medical history and Plaintiff's relationship with other managers of Defendant Company.

27.     During the meeting Plaintiff disclosed to Ms. Miele that Defendant Mello had knowledge that Plaintiff was working twenty to thirty (20-30) hours of unpaid overtime weekly. Plaintiff also disclosed that Defendant Mello had instructed his managers to use the Defendant Company's paid time off system ("PTO") to compensate for their work, instead of punching in or punching out.

28.     At the conclusion of the meeting, Ms. Miele, for the very first time, raised issues with Plaintiff's performance. Plaintiff, however, had always been an exemplary employee, always exceeding Defendant Company's expectations.

29.     Four days later, on January 23, 2017 Mr. Crumb, for the very first time, issued a verbal counseling for failure to follow timekeeping policy even though Plaintiff disclosed to Ms. Miele that he was not required to clock in and clock out since hiring. This was Defendant's second act of retaliation.

30.     On January 23, 2017 Defendant's employee "0882183", unknown to Plaintiff, removed eighteen (18) hours of paid time from Plaintiff's timecard, causing an incomplete pay for that period. This was Defendant's third act of retaliation.

31.     On February 7, 2017 Defendant's employee "ABAILEY", unknown to Plaintiff, removed twenty-four (24) hours of paid time from Plaintiff's timecard, causing an incomplete pay for that period. This was Defendant's fourth act of retaliation.

32.     On February 22, 2017 Mr. Crumb placed Plaintiff on administrative paid leave, this was the Defendant's fifth act of retaliation.

33.     On February 23, 2017 Defendant's Company payroll department removed 26 hours from Plaintiff's timecard, causing an incomplete pay for that period. This was the Defendant's sixth act of retaliation.

34.     On March 2, 2017 Mr. Crumb had a meeting with Defendant Company's assistant managers, associate manager and sales leader whom worked with Plaintiff to announce that Plaintiff was no longer in "control" or "responsible" for Plaintiff's store. Mr. Crumb prohibited Defendant Company's employees from contact with Plaintiff and placed Ms. Chavarri in responsibility of Plaintiff's store prematurely before knowing the outcome of Plaintiff's employment.

35.     Plaintiff is filing this complaint *pro-se* while he continues to search for an attorney to represent him on the matter.

36.     Plaintiff is entitled to his reasonable attorney's fees if he is the prevailing party in this action.

## COUNT I: RECOVERY OF OVERTIME COMPENSATION (FLSA) (DEFENDANTS)

37.     Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 36 above.

38.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked for Defendants in excess of forty (40) hours per work week during the time period relevant to this Complaint.

39.     Plaintiff regularly worked between 25 to 35 overtime hours per work week.

40.     Defendants knowingly and willfully failed to pay Plaintiff at time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week throughout his employment.

41.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages from Defendants.

42.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages and may incur reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against Defendants for the payment of all overtime hours at one and one-half his regular rate of pay due to him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees, costs, and interest and for all other relief the Court deems just and proper.

## COUNT II: RECOVERY FOR RETALIATORY ACTIONS (FLSA) (DEFENDANTS)

43.     Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 42 above.

44.     Plaintiff filed a complaint or instituted a proceeding against Defendants within the meaning and scope 29 U.S.C. §215(a)(3) when he complained in or about mid or late-December 2016, to Defendant Mello, Ms. Miele, Ms. Moose and Mr. Crumb that the titled "Store Manager" position were misclassified as exempt from the requirements of FLSA and that he was working without overtime compensation.

45.     Plaintiff would not have received any of the listed retaliatory actions or his pay reduced had it not been for his complaints. Defendants knowingly and willfully retaliated against Plaintiff because of his complaints.

46.     Defendants' retaliation of Plaintiff was in direct violation of 29 U.S.C. §215(a)(3), and as a direct result, Plaintiff has been damaged.

47.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages and may incur reasonable attorneys' fees and costs.

        **WHEREFORE**, Plaintiff demands judgment, jointly and severally, against Defendants for damages, including, but not limited to, lost wages, an equal amount in liquidated damages, compensatory damages, punitive damages, as well as a reasonable attorneys' fees, costs, and interest and for all other relief the Court deems just and proper.

## COUNT III: RECOVERY FOR VIOLATION OF FLORIDA'S

## WHISTLEBLOWER ACT (DEFENDANT COMPANY)

48.     Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 47 above.

49.     Plaintiff was an employee within the meaning of Florida's Whistleblower Act, Fla. Stat. § 448.101.

50.     Defendant Company is an employer within the meaning of Florida's Whistleblower Act, Fla. Stat. § 448.101.

51.     Plaintiff objected to Defendant Company's unlawful practices. Such practices were in violation of the FLSA.

52.     Plaintiff opposed an unlawful employment practice which he reasonably believed had occurred.

53.     Plaintiff in good faith believed he was engaging in protected activity.

54.     Because of his complaints Defendant Company subjected Plaintiff to adverse employment actions – specifically, a verbal counseling, reduced pay and suspension – in violation of Florida's Whistleblower Act, Fla. Stat. §448.102(3).

55.     Defendant Company's conduct was intentional, deliberate and willful and in callous disregard of Plaintiff's rights.

56.     Defendant Company's acts of retaliation caused Plaintiff to suffer economic losses, mental and emotional distress, embarrassment and humiliation.

57.     By reason of Defendant Company retaliation, Plaintiff is entitled to all legal and equitable remedies available under Florida's Whistleblower Act.

**WHEREFORE**, Plaintiff demands judgment against Defendant Company for lost back pay, reinstatement or front pay, compensatory damages, punitive damages, reasonable attorneys' fees, costs, interest and for all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a right by a jury.

Respectfully submitted this 6 day of March, 2017.

By: _____
Yanichel Castillo
245 NE 14th Street, 2210
Miami, FL 33132
Telephone: (954) 495-0532
*yanichel@gmail.com*